IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**THOMAS RAYMOND MENEI,**

      **Plaintiff,**

**v.**                                         **Civil Action No. 2:11-cv-967**
                                                       **Honorable Joseph Goodwin**

**JIM RUBENSTEIN, DAVID BALLARD,
PAUL PERRY, JASON A. COLLINS,
JONATHAN FRAME, BRIAN
GREENWOOD, HUMAYAN RASHID,
ANNA KINCAID,**

      **Defendants.**

## MEMORANDUM IN SUPPORT OF DEFENDANT ANNA KINCAID'S MOTION TO DISMISS

**COMES NOW** the Defendant, Anna Kincaid,[1] by counsel, Vaughn T. Sizemore, and Bailey & Wyant, P.L.L.C., and, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, move this Honorable Court to dismiss the Plaintiff's Complaint. In support of this Motion, this Defendant states as follows:

### INTRODUCTION

The Plaintiff's Complaint deals primarily with the actions of various officers and officials at Mt. Olive Correctional Complex. Defendant Kincaid's name is only included in two Paragraphs. *See* Complaint at ¶¶ 44 (Plaintiff complained to her) and 62 (Plaintiff wrote Kincaid a letter). The equitable relief he requests deals solely with his confinement and punishment he has received. It

---

[1] While this Motion and Memorandum in Support thereof have been filed on behalf of Anna Kincaid, the arguments contained herein are equally applicable to Defendant Humayan Rashid, M.D. To date, Dr. Rashid has not been served with the Complaint. Nonetheless, the Complaint against Dr. Rashid should be summarily dismissed by this Court.

appears that the claims against Defendants Kincaid and Rashid are merely afterthoughts. Technically, the claims should be filed in a separate suit because it is not based upon the same set of operative facts.  Nonetheless, because the Plaintiff has failed to state a cause of action for which relief may be granted, this Court should dismiss the Plaintiff's Complaint.  First, while the Plaintiff does not cite Section 1983, the Complaint will likely be considered as requesting relief under the Section.  The allegations against Anna Kincaid and Dr. Rashid are for actions taken during the course of their employment.  As such, they are not considered "persons" to which the Act is applicable.  Second, the Plaintiff has failed to allege a violation of his Eighth Amendment rights against cruel and unusual punishment.  Finally, to the extent this Court deems he is requesting an entitlement to equitable relief from this Defendant, he has failed to state a claim because he has not alleged a violation of his Eighth Amendment rights against cruel and unusual punishment.  As will be more fully detailed below, the Plaintiff's Complaint should be dismissed.

**STATEMENT OF FACTS**[2]

The Plaintiff's Complaint makes numerous allegations against the named defendants, but the only allegations concerning his medical treatment are as follows:[3]

> 35.    Feb. 24, 2011, I saw doctor, Humayan Rashid who was angry with Nurse Kelly for not notifying him that I was his new patient.  Doc took x-rays of my head.  I explained I couldn't see good and was seeing double, whole right side my face, ear, neck was black and blue.  I filed a grievance on this matter.  I have attached a copy to the back of this form.

> 44.    As a result of being hit in the head I suffer from seizures, blurry vision, dizziness.  I've complained on several occasions to the doctor Humayan Rashid and Anna Kincaid, the medical director, and I was told I can't be treated for seizures until I have one in front of staff.  I told the doctor I'm locked in my cell

[2] While the Plaintiff's statement of facts fail to mention a plethora of treatment he has received from the Defendants, for the purpose of this Motion, this Defendant will assume the facts alleged in the Complaint are true.

[3] While some spelling and punctuation has been fixed, the allegations are correct to the Complaint.

23 hours a day in a single cell where no one can see me.  I filed several grievances on medical over my seizures.  I have attached a copy of those grievances to back of this form:

61.     As result of the seizures that I have are causing me other medical problems.  I fell on my right forearm and it turned black blue and received no medical treatment for months.  Now my arm is all crooked and in constant pain.  I file several grievance on this issue and have placed a copy of those grievances at the back of this Form:

62.     I wrote Medical Director Anna Kincaid a letter on April 1, 2011 expressing my concerns about my medical treatment with no avail.  I placed a copy of that letter at the back of this Form:

*See* Complaint.  As will be outlined below, the facts alleged against Defendant Kincaid fails to state a claim for which relief may be granted.

## STANDARD OF REVIEW

"In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (1993)(citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).   Nonetheless, the Fourth Circuit has noted, "The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  "The inclusion of conclusory legal terms, however, does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion, 'since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint.'" *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir.1994); *Trulock v.*

*Freeh*, 275 F.3d 391, 405, n. 9 (4th Cir.2001)).

## ARGUMENT

A.    **The Plaintiff has failed to state an entitlement to relief under Section 1983 because these Defendants are not "Persons" under the act.**

While the Plaintiff's Complaint does not allege that it is brought under 42 U. S. C. § 1983, his claims are based on allegations of constitutional violations.  Further, the only relief he requests from Defendant Kincaid is $5,000.00, and punitive damages.  *See* Complaint at Relief ¶¶ 4-5. Therefore, it is assumed that the relief sought by the Plaintiff is provided by Section 1983.  This Section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

This Defendant acknowledges that the provision of medical services can be considered as "acting under the color of state law."  *See West v. Atkins,* 487 U.S. 42, 48-49 (U.S. 1988).  However, after *West*, the Court ruled, "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Poli*ce, 491 U.S. 58, 71, 105 L. Ed. 2d 45, 109 S. Ct. 2304 (1989).  Applying the ruling in *Will*, the Northern District found that Wexford was not a "person" under Section 1983.  *See Owens v. Rubenstein*, 2010 U.S. Dist. LEXIS 83958 (N.D. W. Va., July 13, 2010)(Unpublished).  The court stated:

> Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Wexford Medical Health Service does not constitute "person[s]" for the purpose of 42 U.S.C. § 1983.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under "1983"); *see also Roach v. Burke*, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West

4

Virginia" and is not a person under § 1983); *Preval v. Reno*, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that Wexford Medical Health Service is not a proper party to this action and should be dismissed.

*Owens v. Rubenstein*, 2010 U.S. Dist. LEXIS 83958 (N.D. W. Va., July 13, 2010)(Unpublished).

The state law obligations discussed in *West*, which could potentially make the actions of this Defendant to be considered to be under state law are the same actions that exclude them as persons under the act. Therefore, the Plaintiff's claims under Section 1983 must be dismissed because this Defendant is not a Person under the Section.

> **B.     The Plaintiff's Complaint must be dismissed because the Plaintiff has failed to allege a deprivation of a constitutional right.**

The Plaintiff has alleged a violation of his Eighth Amendment rights in the method of providing medical care. In *Rhodes v. Chapman,* 452 U.S. 337 (1981), the Supreme Court discussed in detail, for the first time, the legal standards to be applied to Eighth Amendment cruel and unusual punishment claims. It stated, "Restrictive and harsh conditions are part of the penalty that persons pay for having committed crimes." *Id.*; *see also, Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). "Society expects prisoners to experience routine discomfort as part of penalty they pay for their offenses." *Hudson v. McMillian*, 503 U.S. 1 (1992). However, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi,* 573 F.2d 118, 125 (2' Cir. 1978), rev'd on other grounds, *Bell v. Wolfish*, 441 U.S. 520 (1979). Only conditions that deprive inmates of "the minimal civilized measure of life's necessities" are sufficient to form an Eighth Amendment Claim. *Rhodes,* 452 U.S. at 349.

In syllabus point 2, *Hickson v. Kellison*, 170 W. Va. 732, 296 S.E.2d 855 (1982), the West Virginia Supreme Court of Appeals recognized that "certain conditions of . . . confinement may be so

lacking in the area of . . . medical care and personal safety as to constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution." To establish this, the Petitioner bears the burden of establishing that Wexford and Dr. Rashid were deliberately indifferent to his serious medical needs. *See Morris v. Painter*, 211 W. Va. 681, 688 (W. Va. 2002)(quoting Syl. pt. 4, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998)("Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions.")). See also, *Crain v. Bordenkircher*, 176 W. Va. 338, 349 (W. Va. 1986); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

As the Southern District recently outlined:

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See Id*. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106. *Miltier*, *supra* at 851-852. Moreover, an inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

*Crawford v. Western Reg'l Jail*, 2010 U.S. Dist. LEXIS 110183, 10-11 (S.D. W. Va. Sept. 22, 2010).

The Plaintiff's Complaint alleges that he was seen by Dr. Rashid on February 24, 2011, at which time he had x-rays taken to assist in the diagnosis of his blurry vision. *See* Complaint at ¶ 35. The Plaintiff noted that he filed a grievance on this matter, and attached a copy of the grievance.

The Plaintiff alleges that he suffers from seizures because of being hit in the head. *See* Complaint at

¶ 44.  He alleges that this seizure problem has resulted in his falling and injuring his forearm.  *See*

Complaint at ¶ 61.[4]  However, he has not been diagnosed as having had a seizure. As noted in

Exhibit 7 to the Complaint:

> On 7/22/2011, Inmate Menei was evaluated by the physician for complaint of pain
> and swelling in his left side of abdomen and inquinal area.  His examination was
> negative for any evidence of hernia or other abnormality.
>
> On 10/28/2011, he was seen in NSC reporting that pain in abdomen from three
> months prior was worse.  His evaluation was normal at this time.  He was referred for
> follow-up visit and it is scheduled for 10/21/2011.
>
> At this time, he does not have a diagnosis of arthritis and is not prescribed long term
> pain medication for his old healed fracture to his foot/ankle.  He has received an
> appropriate examination each time he has submitted a health service request and has
> only been prescribed medications as they are clinically indicated.

The Complaint, and the Exhibits attached thereto, show that the Plaintiff received appropriate

medical care each time he reported a complaint.  It may not be the precise treatment he desired, but it

is far from deliberate indifference.  Therefore, the Plaintiff has failed to allege a violation of his

Eighth Amendment rights.

### C.     Any claims for an entitlement to injunctive relief must be dismissed because he has failed to allege a violation of his Eighth Amendment rights.

As noted above, deliberate indifference to serious medical needs of prisoners can constitute

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Nobles v. Duncil*,

202 W.Va. 523, 505 S.E.2d 442 (1998).  In meeting the duty to provide medical care to prisoners,

*Nobles* made it clear that the precise manner in which these duties were fulfilled was discretionary.

---

[4]  Other than an allegation that he complained about seizures, blurry vision, and dizziness to
Anna Kincaid, the only other allegation relating to Defendant Kincaid is that he wrote a letter to
her on April 1, 2011.  *See* Complaint at ¶ 62.  This allegation does not rise to the level of a
constitutional violation.

*Nobles*, 202 W.Va. at 534, 505 S.E.2d at 454.  "A non-discretionary or ministerial duty in the context of a mandamus action is one that is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance."  *Id*. at Syl. Pt. 7.  "Mandamus is a proper remedy to compel tribunals and officers, exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors that they have made."  *Id*. at Syl. Pt. 8.

To succeed on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The objective component is satisfied when there is a denial of "the minimal civilized measure of life's necessities."  *Rhodes,* 452 U.S. at 349. *See also*, *White v. Gregory,* 1 F.3d 267, 269 (4th Cir. 1991)(noting that *Strickler* required that the prisoner suffer serious or significant physical or mental injury to be subject to cruel and unusual punishment under the Eighth Amendment).

In addition, a cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between an inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged.  *Wright v. Collins* 766 F.2d 841, 849 (4th Cir. 1985).  For medical care or lack thereof to rise to the level of "deliberate indifference" it must be shown that the treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Nobles*, 202 W.Va. at 533, 505 S.E.2d at 452 citing *Miltier v. Beorn*, 896 F.2d 848 (1990); and *Wynn v. Mundo*, 367 F. Supp.2d 832 (M.D. N.C. 2005). "Indeed, 'though it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy.'"  *Dias v. Vose,* 865 F. Supp. 53, 57

8

(D. Mass 1994), quoting *United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987). "The medical care provided to a prisoner is not required to be 'perfect, the best obtainable, or even very good.'" *Hawley v. Evans*, 716 F. Supp. 601, 602 (N.D.Ga. 1989)(citation omitted.).

The Plaintiff's Complaint, taken in the light most favorable to the Plaintiff, shows a mere disagreement between the Plaintiff and his physician over the course of care, which cannot form the basis of a claim under the Eighth Amendment. *See Wright*. While the Plaintiff's Complaint does not specifically request mandamus relief, he has a general request for unspecified relief. To the extent that this request is deemed to cover a request for an equitable remedy, the Complaint fails to allege facts sufficient for relief to be granted. Not only does the Plaintiff's Complaint fail to state a violation of the Eighth Amendment, it confirms that he has received, and continues to receive, care sufficient to provide him with his constitutional rights. Therefore, Plaintiff's Complaint must be dismissed.

## CONCLUSION

The Plaintiff's Complaint deals primarily with the actions of various officers and officials at Mt. Olive Correctional Complex. The equitable relief he requests deals solely with his confinement and punishment he has received. It appears that the claims against Defendants Kincaid and Rashid are merely afterthoughts. Technically, the claims should be filed in a separate suit because it is not based upon the same set of operative facts. Nonetheless, because the Plaintiff has failed to state a cause of action for which relief may be granted, this Court should dismiss the Plaintiff's Complaint. First, while the Plaintiff does not cite Section 1983, the Complaint will likely be considered as requesting relief under the Section. The allegations against Anna Kincaid and Dr. Rashid are for actions taken during the course of their employment. As such, they are not considered "persons" to which the Act is applicable. Second, the Plaintiff has failed to allege a violation of his Eighth

Amendment rights against cruel and unusual punishment.  Finally, to the extent this Court deems he is requesting an entitlement to equitable relief from this Defendant, he has failed to state a claim because he has not alleged a violation of his Eighth Amendment rights against cruel and unusual punishment.  Therefore, the Plaintiff's Complaint should be dismissed.

**WHEREFORE**, for the foregoing reasons, Defendant Kincaid moves this Honorable Court to dismiss the Plaintiff's Complaint, grant her costs and fees for defending this action, and for such other relief as this Court deems appropriate.

**ANNA KINCAID,**

**By Counsel,**

 **/s/ Vaughn T. Sizemore**
Vaughn T. Sizemore, Esq. (WV Bar #8231)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
T: 304.345.4222
F: 304.343.3133
vsizemore@baileywyant.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**THOMAS RAYMOND MENEI,**

      **Plaintiff,**

**v.**                                                                                    **Civil Action No. 2:11-cv-967**
                                                                                         **Honorable Joseph Goodwin**

**JIM RUBENSTEIN, DAVID BALLARD,**
**PAUL PERRY, JASON A. COLLINS,**
**JONATHAN FRAME, BRIAN**
**GREENWOOD, HUMAYAN RASHID,**
**ANNA KINCAID,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of foregoing "**MEMORANDUM IN SUPPORT OF DEFENDANT ANNA KINCAID'S MOTION TO DISMISS**" was served upon the following parties through U.S. Mail on March 26, 2012:

Thomas Raymond Menei
Mount Olive Correctional Complex
One Morningside Way
Mount Olive, West Virginia 25185

      **I HEREBY CERTIFY** that a true and correct copy of foregoing " **MEMORANDUM IN SUPPORT OF DEFENDANT ANNA KINCAID'S MOTION TO DISMISS**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, March 26, 2012:

Billie Jo Streyle, Esq.
Bailey & Wyant, PLLC
P.O. Box 3710
Charleston, West Virginia  25337
Attorney for Defendants Rubenstein, Ballard, Perry
Collins, Frame and Greenwood

**/s/ Vaughn T. Sizemore**
Vaughn T. Sizemore, Esq. (WV Bar #8231)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
T: 304.345.4222
F: 304.343.3133
vsizemore@baileywyant.com
*Counsel for Defendant Anna Kincaid*