IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**THOMAS RAYMOND MENEI,**

    **Plaintiffs,**

v.                                                                  Case No. 2:11-cv-00967

**JIM RUBENSTEIN, DAVID BALLARD,
PAUL PARRY, JASON A. COLLINS, and
HUMAYAN RASHID,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a Motion to Dismiss filed by defendant Humayan Rashid (ECF No. 36.)  In the accompanying Memorandum in Support of the Motion to Dismiss, Dr. Rashid asserts that the plaintiff's Complaint against him should be dismissed because the plaintiff failed to serve him with process within 120 days, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No. 37 at 1-4.)  Dr. Rashid further asserts that dismissal under Rule 4(m) is mandatory, absent a showing of good cause for the delay in service.  *See Vincent v. Reynolds Mem. Hospital*, 141 F.R.D. 436, 1992 U.S. Dist. LEXIS 4676 (N.D. W. Va. 1992).  (*Id.* at 2.)

Dr. Rashid asserts that the plaintiff had not even attempted to serve him with process.  However, because the plaintiff is incarcerated and proceeding *pro se*, the court is responsible for the service of process on the defendants.  In this instance, the court was under the misimpression that Dr. Rashid was no longer employed by Wexford Health Sources, Inc. ("Wexford") at the Mount Olive Correctional Complex (MOCC)

and, thus, his summons and copy of the Complaint were not sent by certified mail to Dr. Rashid at MOCC, and that the failure to otherwise serve him was an oversight of the court. Furthermore, the undersigned's stated belief that Dr. Rashid was no longer employed by Wexford at MOCC contained in the prior Proposed Findings and Recommendation went uncorrected, despite the fact that Dr. Rashid's counsel was representing co-defendant Anna Kincaid in this matter, and had notice thereof.

Accordingly, the fact that Dr. Rashid has not yet been served with process is not the fault of the plaintiff. Moreover, Dr. Rashid has suffered no undue prejudice from the failure to be served with process, as no proceedings have occurred, other than the recommended dismissal of certain claims against certain other defendants, for failure to state a claim upon which relief may be granted.[1] Dr. Rashid will be afforded an opportunity to file his own such motion, upon service of process.[2]

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the failure to serve defendant Rashid within 120 days is not the fault of the plaintiff, that there is good cause for the delay in service, and that Dr. Rashid has suffered no undue prejudice as the result of the failure to serve him within that time frame. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Dr. Rashid's Motion to Dismiss (ECF No. 36), without prejudice to the filing of a motion to dismiss on other grounds, and leave this matter referred to the undersigned for additional proceedings.

---

[1] The Proposed Findings and Recommendation containing the recommendations for dismissal of those other claims is pending before the presiding District Judge.

[2] The undersigned notes that, in a footnote on the first page of the Memorandum in Support of the Motion to Dismiss, Dr. Rashid maintains that he should be dismissed for reasons similar to those used as a basis to dismiss co-defendant Anna Kincaid. The undersigned believes that any such arguments for dismissal are distinguishable, and must be made individually by Dr. Rashid, with an opportunity for a response by the plaintiff and Dr. Rashid's reply, if necessary.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

 September 25, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge