IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS RAYMOND MENEI,

           Plaintiff,

v.                                   CIVIL ACTION NO.   2:11-cv-00967

JIM RUBENSTEIN, et al.,

           Defendants.

**ORDER**

Pending before the court is defendant Humayan Rashid's Motion to Dismiss [Docket 36]. This Motion was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The court has reviewed *de novo* those portions of the Proposed Findings and Recommendations [Docket 40] to which the defendant has filed specific Objections [Docket 42], and **FINDS** that the defendant's objections lack merit. For the reasons discussed below, the defendant's Motion to Dismiss is **DENIED**, and the plaintiff is granted 30 additional days to serve defendant Rashid.

1

The defendant Humayan Rashid alleges that the plaintiff has failed to serve him within the time required under FED. R. CIV. P. 4(m). Rule 4(m) states:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The defendant notes that Rule 4(m) requires the plaintiff to serve the defendant within 120 days of the complaint being filed. Otherwise, the action is to be dismissed without prejudice. Because the complaint was filed on December 7, 2011, and the plaintiff has "made absolutely no attempts to serve Dr. Rashid in over eight months," the defendant argues under *Vincent v. Reynolds Memorial Hospital*, 141 F.R.D. 436 (N.D. W. Va. 1992), that dismissal of the case is mandatory. Although the defendant admits the court has the ability under Rule 4(m) to grant more time if the plaintiff "shows good cause," the defendant argues that the plaintiff "cannot satisfy any of the requirements for showing good cause" using the standard in *State ex rel. Charleston Area Medical Center v. Kaufman*, 197 W. Va. 282, 475 S.E.2d 374 (1996) (assessing the factors under the West Virginia state service of process rule).

Judge Stanley denied the defendant's motion because the plaintiff is an incarcerated *pro se* plaintiff who must rely on the court for service of process. (Proposed Findings and Recommendation [Docket 40], at 1). Evidently a misunderstanding about whether Dr. Rashid was still an employee of Wexford Health Sources, Inc. at Mt. Olive Correction Complex ("Mt. Olive") provided some confusion to the court and made it more difficult to locate Rashid. (*Id.* at 1-2). In

2

addition to noting that the failure to serve Rashid was not the plaintiff's fault, Judge Stanley emphasized that Rashid had not been unduly prejudiced by the failure because "no proceedings have occurred, other than the recommended dismissal of certain claims against certain other defendants," and noted that Rashid "will be afforded an opportunity to file his own such motion, upon service of process." (*Id*. at 2). The defendant filed a timely objection to the Proposed Findings and Recommendation. (Objections [Docket 42]).

This court **ADOPTS** the Magistrate Judge's recommendation. Being *pro se* and currently incarcerated, the plaintiff cannot himself arrange for service of process. He can only provide suitable information to identify the defendant and his likely business address. Many courts have held that good cause typically exists in situations such as this. *See, e.g., Danik v. Housing Authority of Baltimore City*, 396 F. App'x. 15, 16 (4th Cir. 2010) (noting that in forma pauperis cases, the United States Marshals Service will effectuate service of process but that "the plaintiff must provide sufficient information to identify the defendant with 'reasonable effort.'") (quoting *Richardson*, *v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010)); *Murray v. Pataki*, 378 F. App'x. 50, 52 (2nd Cir. 2010) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."); *Rance v. Rocksolid Granit USA, Inc*., 583 F.3d 1284, 1287 (11th Cir. 2009) ("Our sister circuits have held that a plaintiff has shown "good cause" for purposes of a dismissal pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff.") (citing to Second, Fifth, Seventh, Eighth, Ninth, and D.C. Circuit cases); *Sellers v. United States*, 902 F.2d 598, 602

(7th Cir. 1990) (holding that if a prisoner provides "information necessary to identify the defendant," and the Marshal then fails to serve papers on behalf of the plaintiff, that "is automatically 'good cause'" under Rule 4).

Accordingly, the defendant's motion is **DENIED**, and the plaintiff shall have 30 days to serve defendant Rashid.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       October 15, 2012

Joseph R. Goodwin, Chief Judge

4