IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

THOMAS RAYMOND MENEI,

      Plaintiffs,

v.                                          Case No. 2:11-cv-00967

JIM RUBENSTEIN, DAVID BALLARD,
PAUL PARRY, JASON A. COLLINS,
and HUMAYAN RASHID,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is a Motion to Dismiss filed by defendant Humayan Rashid (ECF No. 43.) This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT RASHID[1]**

The plaintiff alleges that, on February 23, 2011, while walking near his housing unit with headphones on, someone struck him in the back of the head and knocked him out. The plaintiff further claims that when he woke up, he was disoriented, could not see, and that his whole body hurt. (ECF No. 2 at 17, ¶ 32.) The plaintiff further alleges

---

[1] Judge Goodwin previously granted in part and denied in part motions to dismiss filed by the other defendants. (ECF No. 45.) In light of Judge Goodwin's rulings, this civil action will move forward into the discovery phase concerning the plaintiff's Eighth Amendment claims against defendants Rubenstein, Ballard, Parry and Collins, in their individual capacities. All claims against defendants Frame, Greenwood and Kincaid have been dismissed. This Proposed Findings and Recommendation will address only the allegations of deliberate indifference to a serious medical need in violation of the plaintiff's Eighth Amendment rights against dodant Rashid.

that, following this assault, his right ear, face and neck were black and blue and he complained that he was seeing double. (*Id.* at 18, ¶ 35.) The plaintiff further alleges that, on the date of the assault, Dr. Humayan Rashid took x-rays, but prescribed no other medical treatment, despite the plaintiff's continued complaints that his vision was blurry and he was dizzy. (*Id.*)

The plaintiff further alleges that, since the assault, he has suffered seizures, but Dr. Rashid has refused to provide him with any treatment for the alleged seizures. The plaintiff further alleges that, during one of the seizures, he fell and injured his right forearm, but received no treatment. The plaintiff further alleges that his arm is still crooked and he is in constant pain. (*Id.* at 21, 26, ¶¶ 44, and 61.)

The plaintiff's Complaint alleges that defendant Rashid has been deliberately indifferent to the plaintiff's serious medical needs, in violation of the Eighth Amendment. He seeks monetary damages, as well as declaratory and injunctive relief from defendant Rashid.

## STANDARD OF REVIEW

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

The defendants' motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard.

## ANALYSIS

At the time of the events in question, defendant Rashid was an employee of Wexford Health Sources, Inc., the contracted medical services provider at MOCC. As noted above, the plaintiff alleges that, other than taking x-rays on the date of the assault, defendant Rashid has disregarded the plaintiff's complaints that he has suffered seizures, blurry vision and dizziness since the assault, and that he suffered an injury to his right forearm (as a result of one of the seizures) that continues to cause him pain.

In 1976, the Supreme Court set the standard for evaluating whether a prisoner's Eighth Amendment right to be free from cruel and unusual punishment was violated based upon a prison healthcare provider's deliberate indifference (subjective

component) to the prisoner's serious medical needs (objective component). *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle*, 429 U.S. at 104. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id*. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very heavy. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct <u>might</u> establish deliberate indifference to a serious medical need.

In *Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977), the plaintiff, who had complained numerous times of eye problems and loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. *Id.* at 1286. Subsequently, a specialist found that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored. *Id.* The Fourth Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat Webster, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, Webster's allegations did not constitute a cognizable constitutional claim. *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically

necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Defendant Rashid's Memorandum in support of his Motion to Dismiss first asserts that he is not a person who can be sued under section 1983. Dr. Rashid's Memorandum contends that, as an employee of the State's contracted medical provider, who has not been alleged to have been acting outside the scope of his employment, he is not a "person" under section 1983. (ECF No. 44 at 2.) In support of this assertion, defendant Rashid cites *Owens v. Rubenstein*, 2010 U.S. Dist. LEXIS 83958 (N.D. W. Va., July 13, 2010), an unpublished case from the United States District Court for the Northern District of West Virginia. (ECF No. 44 at 4-5.) In *Owens*, the court held as follows:

> Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Wexford Medical Health Service does not constitute "person[s]" for the purpose of 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983"); *see also Roach v. Burke*, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that Wexford Medical Health Service is not a proper party to this action and should be dismissed.

2010 U.S. Dist. LEXIS 83958 (N.D. W. Va., July 13, 2010) (Unpublished). (*Id.*) Defendant Rashid's Memorandum further argues that "[t]he state law obligations discussed in [*West v. Atkins*, 487 U.S. 42, 48-49 (1988)], which could potentially make the actions of Dr. Rashid to be considered to be under state law are the same actions that exclude them as a person under the act. Therefore, the Plaintiff's claims must be dismissed because Dr. Rashid is not a Person under the Section." (*Id.* at 5.)

6

The undersigned notes that defendant Rashid's counsel made the same argument on behalf of defendant Kincaid (who was dismissed as a defendant in this civil action on other grounds) in a Motion to Dismiss filed on March 26, 2012. (ECF No. 20.) On June 20, 2012, the undersigned proposed that the presiding District Judge find that this argument lacked merit. (ECF No. 32 at 23.) Defendant Kincaid's counsel did not specifically object to this proposed finding. (ECF No. 45 at 10.) However, as noted above, counsel has repeated this argument in his Motion to Dismiss on behalf of defendant Rashid.

The undersigned again notes that Wexford Health Sources, Inc. is not a defendant herein. Rather, its individual employees were named as defendants. As well-established by the Supreme Court in *West v. Atkins*, 487 U.S. 42, 54 (1988), and its progeny, a health care provider contracted by a state to provide medical services to its inmates acts under color of state law for purposes of section 1983. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendant Rashid's argument that he is not a "person," and therefore not suable under section 1983, lacks merit.

Defendant Rashid further asserts that the plaintiff's Complaint fails to sufficiently set forth allegations of deliberate indifference to a serious medical need in order to state an Eighth Amendment claim against him. Defendant Rashid asserts that the plaintiff has never been diagnosed as having had a seizure, and refers to Exhibit 7 attached to the plaintiff's Complaint, which is a letter-form summary of the plaintiff's treatment between July 22, 2011 and October 18, 2011. The letter-form summary is dated October 20, 2011. (ECF No. 2, Ex. 7 at 11.) Although the letter-form summary makes no mention of seizures, or any complaints or treatment for blurry vision, the summary

indicates that, on September 15, 2011, the plaintiff was evaluated by a physician's assistant for pain in his right forearm and elbow, including the review of x-rays of the same, which confirmed that there were no signs of acute injury, trauma or abnormality. (*Id.*)

Defendant Rashid's Memorandum asserts that the Complaint and exhibits attached thereto demonstrate that the plaintiff received appropriate medical care each time he reported a complaint. (ECF No. 44 at 7.) Defendant Rashid further asserts that the plaintiff's Complaint illustrates nothing more than a disagreement between the plaintiff and his health care providers over the course of treatment, which is insufficient to state an Eighth Amendment claim. (*Id.* at 9.)

On December 21, 2012, the plaintiff filed a "Motion Not to Dismiss Defendant Humayan Rashid. (ECF No. 51.) [2] The plaintiff's Response in Opposition to defendant Rashid's Motion to Dismiss repeats his allegation that defendant Rashid took x-rays and did nothing else for the plaintiff, despite his complaints that he was having seizures and urinating on himself. (ECF No. 51 at 2.) Concerning his allegation that he had a seizure that resulted in a broken right forearm that was bruised and swollen, the plaintiff further alleges that a physician's assistant came to look at it through his feeding hole and acknowledged that his right forearm was bruised, but took no further action. (*Id.* at 2.) The plaintiff's Response further alleges that, after repeatedly complaining to his unit commander, he was again seen by Dr. Rashid, who said that his forearm had already healed crooked and nothing could be done about it. The plaintiff alleges that he has

---

[2] The undersigned will treat this document as the plaintiff's Response in Opposition to Defendant Rashid's Motion to Dismiss. The plaintiff is hereby **ORDERED** not to style his response briefs as "motions not to dismiss." The Clerk is **DIRECTED** to terminate the plaintiff's "Motion Not to Dismiss Defendant Rashid." (ECF No. 51.)

"little control over [his] right arm." (*Id.* at 2-3.) He further alleges that he still suffers from seizures, migraine headaches and ringing in his ears. (*Id.* at 3.)

The plaintiff's Response further argues [no alterations made]:

> Doc. Rashid did not treat plaintiff any real doctor would had plaintiff seen by a specialist over the blowe plaintiff took to his skull right lost his motor skills 50 percent of his right arm. Doctor Rashid should be held accountable for his actions or should one say his non actions to plaintiff.
>
> Knowing plaintiff was beaten about his face and body and was suffering from seizures, and left in a cell with a broken forearm with no treatment is cruel and unusual punishment cause Doc. Rashid was aware of all the situations.

(*Id.*)

Defendant Rashid's Reply (styled as a Response to the Plaintiff's Motion Not to Dismiss) asserts that the plaintiff's Response/Motion Not to Dismiss is untimely. The undersigned proposes that the presiding District Judge **FIND** that the defendant was not prejudiced by the delay in the plaintiff's response to his Motion to Dismiss. Defendant Rashid's Reply further asserts that the plaintiff's Response did not address defendant Rashid's argument that he is not a "person" under section 1983 (which has been addressed and denied above), and further asserts that the plaintiff has not addressed defendant Rashid's argument that the plaintiff's Complaint fails to allege a deprivation of a constitutional right. (ECF No. 52 at 1.) Defendant Rashid asserts that the plaintiff "outlined what he believes was sub-par medical treatment," but did not outline deliberate indifference. (*Id.*)

Defendant Rashid again emphasizes that the plaintiff has continually been examined and received some treatment for his various complaints, but did not receive the treatment he desires. (*Id.* at 2-3.) Finally, defendant Rashid asserts that, because

9

the plaintiff cannot state an Eighth Amendment claim, he is not entitled to injunctive or mandamus relief. (*Id.* at 3.)

The plaintiff's Complaint fails to establish any conduct to support a finding of deliberate indifference to the plaintiff's serious medical needs by defendant Rashid. The plaintiff was examined by Dr. Rashid on the same day he was assaulted, and received follow-up treatment. His forearm was examined and x-rays revealed no acute injury or abnormality. The plaintiff has not established that Dr. Rashid denied him any medically necessary treatment, despite the plaintiff's alleged disagreement with the treatment provided. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted under the Eighth Amendment against defendant Rashid.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by defendant Humayan Rashid (ECF No. 43.), and dismiss defendant Rashid from this civil action.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made,

and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

March 25, 2013

Mary E. Stanley
United States Magistrate Judge